# UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUSTIN MARKIEWICZ<br>3011 Weisman Road<br>Silver Spring, MD 20902<br><br>    Plaintiff,<br><br>v.<br><br>DISTRICT OF COLUMBIA<br><br>*Serve*<br>    Hon. Muriel Bowser<br>    Mayor of the District of Columbia<br>    Executive Office of the Mayor<br>    1350 Pennsylvania Ave., N.W.<br>    Suite 310<br>    Washington, D.C. 20004<br><br>    Karl A. Racine<br>    Attorney General<br>    Of the District of Columbia<br>    Office of the Attorney General<br>    One Judiciary Square<br>    441 4th Street, N.W.<br>    Suite 106N<br>    Washington, D.C. 20001<br><br>    Defendant. | <br><br><br><br><br><br>Civil Action No.<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>JURY TRIAL DEMANDED |

## **COMPLAINT**

Plaintiff, JUSTIN MARKIEWICZ (hereinafter "Plaintiff" or "Markiewicz"), by and through undersigned counsel, hereby submits this Complaint against the DISTRICT OF COLUMIA and the DISTRICT OF COLUMBIA METROPOLITAN POLICE DEPARTMANT (hereinafter "Defendant" or "MPD"), and as grounds therefore, states as follows:

**NATURE OF THE ACTION**

1. In May 2006, Markiewicz was hired as a police officer with MPD. The Plaintiff dutifully served receiving successful performance evaluations. Officer Markiewicz is openly gay and served much of his tenure on the Gay and Lesbian Liaison Unit ("GLLU").

2. As early as January of 2012 Markiewicz was subjected to overt actions from his supervisor that created a hostile work environment. These actions included but were not necessarily limited to repeatedly and publically referring to Justin as "Justine", a female name that was designed to stigmatize him based upon his identification as a homosexual male.

3. As a result of the continuous and intentional use of this misnomer by Captain Edward Delgado, Markiewicz lodged an internal complaint addressing Delgado's behavior.

4. Following the filing of the complaint, the hostile environment continued and Markiewicz was subjected to retaliation from his Captain and other officers.

5. Plaintiff brings this claim pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.,* to remedy sex stereotyping, gender discrimination and retaliation in employment. Defendant also violated the D.C. Human Rights Act, §§ 2-1401 and 1402, *et seq.,* as its conduct constitutes sexual orientation discrimination in violation of the Act.

## JURISDICTION AND VENUE

6. This case arises under the laws of the United States and presents a federal question within this Court's jurisdiction under Article III of the Constitution, 28 U.S.C. §§ 1331, 1367, and 42 U.S.C. §§ 2000e-5(f), 2000e-16.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) and (2). Plaintiff was employed in the District of Columbia and Defendant is located in the District of Columbia. The discrimination and reprisal occurred in the District of Columbia during the course of the Plaintiff's employment by Defendant in the District of Columbia.

## PARTIES

8. Plaintiff, Justin Markiewicz is an Officer for MPD and currently resides in Silver Spring, MD. Plaintiff Markiewicz, a gay man, joined the MPD in May of 2006 and remains employed by the MPD as of the filing of this Complaint. He currently holds the rank of Sergeant.

9. At all times relevant to this Complaint, Officer Markiewicz was an employee of the Defendant as defined by 42 U.S.C. § 2000e and § 2-1401.02(9) of the D.C. Human Rights Act.

10. Defendant District of Columbia is a municipal corporation. The District of Columbia acts by and through its primary law enforcement agency, MPD.

11. The District of Columbia is an employer within the meaning of 42 U.S.C. § 2000e(b) and § 2-1401.02(10) of the D.C. Human Rights Act.

## STATEMENT OF FACTS

12. Plaintiff, Justin Markiewicz ("Markiewicz" or "Plaintiff") is a police officer with MPD and is a resident of Silver Spring, Maryland.

13. Markiewicz joined MPD in May of 2006.

14. Markiewicz is a homosexual male and his sexual orientation is generally known at MPD. Through much of Markiewicz' tenure as a police officer he has worked in the MPD GLLU division.

15. On January 13, 2012, Captain Edward Delgado sent an electronic mail message to Markiewicz and two other officers using the MPD email system. In that email message Captain Delgado referred to Justin Markiewicz as "Justine".

16. Again, on September 20, 2012 Captain Delgado addressed Markiewicz as Justine in a work-related email message addressed to Markiewicz and three of his police colleagues.

17. On June 6, 2014 Captain Delgado again referred to Markiewicz as Justine in an email communication.

18. In each and every instance Mr. Markiewicz' first name "Justin" was visible in other parts of each email, making it virtually impossible for these repeated insults to be deemed a mistake.

19. On various other occasions Delgado has orally referred to Markiewicz as Justine.

20. Regardless, in June 2014 Delgado did just that, claimed that the use of Justine was a misspelling.

21. But by July 7, 2014 Captain Delgado was sending Markiewicz another email referring to him as Justine.

22. Each time Captain Delgado publically called Officer Markiewicz by the name Justine he would receive multiple calls from his colleagues, which constitutes further bullying and harassment.

23. On or about August 1, 2014 Markiewicz filed a formal Incident report with MPD Internal Affairs Division complaining of Captain Delgado's harassing behavior.

24. Following the filing of the Incident report Captain Delgado began retaliating against the Plaintiff. This began with Delgado accusing Markiewicz of altering or forging department run sheets.

25. Shortly thereafter on August 12, 2014, Captain Delgado openly discussed the confidential Incident report in an official meeting. His comments included his opinion that the some "…people just do not need to be here anymore."

26. On August 26, 2014 the department Patrol Support Team ("PST") Teletype, which is forwarded to the entire department, listed Markiewicz' name as Justine.

27. Throughout the investigation of the Incident report Officer Markiewicz to experienced retaliation in several areas of his job from denials for requests for overtime pay to denial of requests for approved leave. These actions were directly related to his filing of the Incident report.

28. On or about September 3, 2014 Markiewicz made a routine request for two hours of overtime pay. Captain Delgado's recommendation was to deny the request. Officer Markiewicz had never been denied such a request for overtime during his career with MPD.

29. On or about November 14, 2014 the schedule for the following week was issued. The schedule changed Officer Markiewicz' days off, no other officers had their days off changed. His days off were changed again on the subsequent schedule without explanation.

30. On December 4, 2014 MPD informed Officer Markiewicz that it had denied his request for leave claiming a lack of manpower. In reality no other officers had requested time off for this time period and there was no demonstrable lack of manpower justifying the denial of his request.

31. Also on December 4, 2014 Markiewicz received an email informing him that MPD had opened an investigation on Officer Markiewicz relating to his use of a private Facebook page. Markiewicz was required to sit for an interview and received discipline.

32. Again, on June 23, 2015 the MPD Roll Call Sheet was issued to the force, once again Officer Markiewicz is listed as "Justine". It happened yet again on June 24, 2015.

33. During the time period contained in this Complaint, Officer Markiewicz experienced anxiety, mental anguish and trouble sleeping. Markiewicz sought treatment from medical providers and received prescription medication to alleviate his anxiety and aid with sleeping. Officer

Markiewicz further feared that his safety on patrol was in jeopardy due to the lack of support he received from his supervising officers, including Captain Delgado.

**COUNT 1**
**SEXUAL ORIENTATION – HOSTILE WORK ENVIRONMENT AND HARASSMENT UNDER THE DC HUMAN RIGHTS ACT**

34. Plaintiff restates and incorporates herein paragraphs 1 – 33.

35. Defendant's conduct as alleged herein constitutes sexual orientation discrimination in violation of the D.C. Human Rights Act, §§ 2-1401 and 1402, *et seq.*

36. Defendant created and perpetuated a hostile work environment for Officer Markiewicz based upon his sexual orientation and refused to remedy the hostile work environment even after Plaintiff reported the offensive conduct.

37. The hostile work environment involved actions by Plaintiff's supervisors and fellow officers.

38. The hostile acts enumerated in the complaint resulted in tangible employment actions, verbal abuse, unfair disciplinary actions, denial of requested leave, and denial of overtime requests as well as other work benefits.

39. Defendant unlawfully and seriously harassed Officer Markiewicz on the basis of his sexual orientation.

40. The harassment was so objectively offensive, severe and pervasive that it altered the conditions of Plaintiff's employment and caused severe and

irreparable injury, mental anguish, embarrassment, humiliation and loss of professional standing.

**COUNT 2**
**SEXUAL ORIENTATION – DISPARATE TREATMENT**
**UNDER THE DC HUMAN RIGHTS ACT**

41. Plaintiff restates and incorporates herein paragraphs 1 – 40.

42. Defendant's conduct as alleged constitutes sexual orientation discrimination in violation of D.C. Human Rights Act, §§ 2-1401 and 1402, *et seq.*

43. Defendant discriminated against Officer Markiewicz based upon his sexual orientation by singling him out for disparate treatment when using the name "Justine" to refer to him in official MPD documents and electronic mail messages. MPD discriminated against Officer Markiewicz by denying his reasonable requests for leave, by changing his days off, by assigning him to disparate assignments and details and by commencing disciplinary actions that made him more likely eligible for termination.

44. Defendant had no legitimate reason to single out Officer Markiewicz for this disparate treatment and did so due to discrimination based upon his sexual orientation.

45. The harassment was so objectively offensive, severe and pervasive that it altered the conditions of Plaintiff's employment and caused severe and irreparable injury, mental anguish, embarrassment, humiliation and loss of professional standing.

## COUNT 3
## RETALIATION – HOSTILE WORK ENVIRONMENT AND HARASSMENT
## DC HUMAN RIGHTS ACT

46. Plaintiff restates and incorporates herein paragraphs 1 – 45.

47. Defendant's conduct as alleged constitutes retaliation for prior protected activity in violation of D.C. Human Rights Act, §§ 2-1401 and 1402, *et seq.*

48. On our about August 1, 2014, Officer Markiewicz filed a formal complaint of discrimination, which constituted a protected activity under the D.C. Human Rights Act.

49. Following the filing of this complaint, Defendant retaliated against him in the terms and conditions of his employment.

50. The retaliatory harassment and hostile work environment included disparate assignments, denial of overtime requests, denial of leave requests, disciplinary actions and denial of grievances and due process rights.

51. The retaliation and harassment was so objectively offensive, severe and pervasive that it altered the conditions of Plaintiff's employment and caused severe and irreparable injury, mental anguish, embarrassment, humiliation and loss of professional standing.

## COUNT 4
## SEX DISCRIMINATION – TITLE VII

52. Plaintiff restates and incorporates herein paragraphs 1 – 51.

53. Officer Markiewicz is a homosexual male whose sexual orientation is not consistent with Captain Delgado's perception of acceptable gender roles.

54. Markiewicz proved himself to be a highly qualified MPD employee before the harassment began.

55. Because of Officer Markiewicz' sexual orientation Defendant subjected him to harsh and discriminatory working conditions, including but not limited to a hostile work environment.

56. This disparate treatment was motivated by the fact that Markiewicz' status as a homosexual make did not conform with Captain Delgado's gender stereotypes associated with men under his supervision and control.

57. Neither sex nor compliance with perceived sexual stereotypes is an occupational qualification for Markiewicz' job with MPD.

58. For the reasons set forth in this Complaint, Defendant's actions violated Title VII of the Civil Rights Act of 1964.

59. Defendant's actions were motivated by malice and reckless disregard for Markiewicz' rights under the law.

60. The harassment was so objectively offensive, severe and pervasive that it altered the conditions of Plaintiff's employment and caused severe and irreparable injury, mental anguish, embarrassment, humiliation and loss of professional standing.

**COUNT 5**
**RETALIATION – TITLE VII**

61. Plaintiff restates and incorporates herein paragraphs 1 – 60.

62. Markiewicz filed a formal complaint of discrimination on or about August 1, 2014, citing discrimination against him based upon his sexual orientation.

63. Following the filing of this complaint, Defendant retaliated against him in the terms and conditions of his employment.

64. The retaliatory harassment and hostile work environment included disparate assignments, denial of overtime requests, denial of leave requests, disciplinary actions and denial of grievances and due process rights.

65. The actions taken by the Defendant in response to the protected opposition were materially adverse to Markiewicz.

66. There is a causal connection between the protected activity and the materially adverse actions.

67. For the reasons set forth in this Complaint, Defendant's actions violated Title VII of the Civil Rights Act of 1964.

68. Defendant's actions were motivated by malice and reckless disregard for Markiewicz' rights under the law.

69. The retaliation and harassment was so objectively offensive, severe and pervasive that it altered the conditions of Plaintiff's employment and caused severe and irreparable injury, mental anguish, embarrassment, humiliation and loss of professional standing.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendant, and award the following relief:

a. Order Defendant to take remedial action in accordance with Section 19(b) of Mayor's Order 75-230; § 2-1403 and § 2-1403.16 of the D.C. Human Rights Act; and Title VII of the Civil Rights Act of 1965, as amended, 42 U.S.C. §§2000e-2000e-17, as amended and 42 U.S.C. §1981a.

b. Impose civil penalties upon Defendant pursuant to § 2-1403.13(a)(1).

c. Back pay, in an amount to be determined at trial, which accounts for raises in pay that the Plaintiff would have been awarded but for the Defendant's discriminatory conduct;

d. Compensatory and consequential damages, including for emotional distress;

e. Punitive damages;

f. Pre-judgment and post-judgment interest, at the highest rate available under the law;

g. Attorneys' fees and costs of this action and prior administrative proceedings; and

h. Any additional relief as justice allows.

February 6, 2018                                    Respectfully submitted,


                                                    _____/S/_____
                                                    Christopher M. Brown, Esq.
                                                    DC Bar No.: 502421
                                                    ACKERMAN BROWN, PLLC
                                                    2101 L Street NW, Ste. 440
                                                    Washington, D.C. 20037
                                                    Tel.:   202.393.5428
                                                    Fax:    202-355-6489
                                                    chris.brown@ackermanbrown.com


## JURY DEMAND

Plaintiff demands a trial by jury in this action.


February 6, 2018                                    Respectfully submitted,


                                                    _____/S/_____
                                                    Christopher M. Brown, Esq.
                                                    DC Bar No.: 502421
                                                    ACKERMAN BROWN, PLLC
                                                    2101 L Street NW, Ste. 440
                                                    Washington, D.C. 20037
                                                    Tel.:   202.393.5428
                                                    Fax:    202-355-6489
                                                    chris.brown@ackermanbrown.com